**COMBINATION PROMISSORY NOTE, TRUTH IN LENDING DISCLOSURE STATEMENT AND SECURITY AGREEMENT ("Contract")**

Direct Precomputed Interest
Mississippi Small Loan Regulatory Law

Loan Date: 01/14/2025

Account No.: ___

BORROWER: Oriona L. Walker (Print Full Name)
2432 41st Ave (Street No.) Meridian (City) (County) MS (State) 39307- (Zip)

CO-BORROWER: ___ (Print Full Name)
___ (Street No.) (City) (County) (State) (Zip)

LENDER: Republic Finance, LLC P.O. Box 1785, Meridian, MS 39302
(Name) (Street No.) (City) (County) (State) (Zip)

**Property:** My loan is secured by the following items (collectively, the "Property"), as provided in the Security Agreement on the following pages: 2010 Chevy Cobalt 1G1AD5F56A7169272, $1410; 2015 Nissan Rogue JN8AS5MT9FW656403, $9450; Professional Wall Painting, $500; Mini Atari, $60; Atari, $150; 2nd Sega Genesis, $50; Sega Genesis, $50; 2nd Printer, $100; Hp Printer, $100; Hp All In One Computer, $600; Garden Equipment, $50; Tool Box, $20; Asst Hand Tools, $200; Basketball Card Collection, $300; Football Card Collection, $300; Large Baseball Card Collection, $600; Weedeater, $100; Push Mower, $100; 2nd Stereo, $50; 1st Stereo, $50; Bluetooth Samsung Headphones, $100; 100 Bluray/dvd Discs, $300; Bluray Player, $50; Electric Leaf Blower, $50; Reciprocating Saw, $50; Free Weights, $100; 30 Video Games, $300; 2nd Mini Super Nintendo, $200; 1st Mini Super Nintendo, $200; Xbox 360, $150; Nintendo Wii, $200; Game Cube, $150; Super Nintendo, $100; [illegible] Play Station 4, $200; [illegible] Play Station 3, $150; Play Station 2, $80; 1 Of 2 50" Tv, $500; Hp Laptop, $800; Mini Spocket Printers @ 150ea, $330; 300 - Cds @ 10ea, $3000

Additionally, I affirm that the values indicated above for the Property securing my loan are correct.

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of my loan as a yearly rate | The dollar amount my loan will cost me. | The amount of credit provided to me or on my behalf. | The amount I will have paid after I have made all payments as scheduled |
| 21.930 % | $ 7,167.99 | $ 19,184.01 | $ 26,352.00 |

N O T A P P L I C A B L E U N L E S S C H E C K E D

**Payment Schedule:** My loan is repayable as follows:

| Number of Payments | Amount | When Payments Are Due |
|---|---|---|
| An Initial Installment Payment of: | $ 732.00 | Due on 02/14/2025 |
| 35 Equal Installment Payments of: | $ 732.00 | On the same day of each month thereafter. |

**Late Payment:** If a payment is more than 15 days late, I will be charged 4% of the delinquent amount or $5.00, whichever is greater.

**Prepayment:** If I prepay in full, I may be entitled to a refund of part of the finance charge. If I prepay in part, I will not be entitled to a refund of part of the finance charge.

**Security Interest:** My loan is secured by the following property: ☐ The goods or property being purchased with the loan proceeds. ☒ Certain Household Goods ☐ Mobile Home(s) ☒ Motor Vehicle(s) ☐ Unsecured ☐ Collateral securing other loans with us may also secure this loan. ☐ Other Collateral (brief description): ___

☐ Real Estate located at: ___

**Credit Insurance:** Credit life insurance, credit disability insurance, and/or credit involuntary unemployment insurance are not required in order to obtain this loan and will not be provided unless I (we) sign below. I (We) have the option of voluntarily electing to purchase credit insurance through you.

| Insurance Type | Premium | Term | Signature: I (We) want voluntary credit life and/or credit disability insurance and/or credit involuntary unemployment insurance as indicated by the signature below. |
|---|---|---|---|
| Credit Life Insurance ☐ Single ☐ Decreasing ☐ Joint ☐ Level ☐ Dismemberment | $0.00 | 0 Mos. | |
| Credit Disability Insurance Rider ☐ Single ☐ Joint | $0.00 | 0 Mos. | |
| Credit Involuntary Unemployment Insurance | $0.00 | 0 Mos. | |

☐ **Motor Vehicle Property Insurance:** I may purchase required property insurance on my motor vehicle securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance from you, the cost will be $0.00 for a term of 0 months.

☒ **Property Insurance (Non Motor Vehicle):** I may purchase required property insurance on my personal property (non-motor vehicle) securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance from you, the cost will be $1,226.16 for a term of 35 months.

☐ **Property Insurance (Real Estate):** I may purchase required property insurance on my real estate securing this loan through any person of my choice acceptable to you. If I choose to purchase required property insurance from you, the cost will be $0.00 for a term of 0 months.

☐ **Assumption Policy:** If secured by real estate, a subsequent purchaser of my dwelling financed under this loan may not be permitted to assume the loan on its original terms.

**Contract Reference:** I should look to my Note, Security Agreement, Mortgage or Deed of Trust for additional information about non-payment, default, your right to accelerate payment, and prepayment rebates.

"e" estimate

## Itemization of the Amount Financed

| | |
|---|---|
| (A) Amount Paid Directly to Me (cash advance) | $ 579.58 |
| (B) Amount Credited To My Existing Loan(s) with You | $ 6,735.75 |
| (C) Amounts Paid to You for: | |
| (1) Closing Fee | $ 500.00 |
| (2) ___ | $ 0.00 |
| (D) Amounts Paid to Others on My Behalf *(Lender and/or its affiliates will receive and retain a portion of these amounts in (1) and (2))* | |
| (1) To Insurance Companies for: | |
| (a) Credit Life Insurance | $ 0.00 |
| (b) Credit Disability Insurance | $ 0.00 |
| (c) Single Credit Involuntary Unemployment Insurance | $ 0.00 |
| (d) Property Insurance (motor vehicle) | $ 0.00 |
| (e) Property Insurance (non-motor vehicle) | $ 1,226.16 |
| (f) Property Insurance (real estate) | $ 0.00 |
| (g) Total Insurance Premiums | $ 1,226.16 |
| (2) Motor Club | $ 0.00 |
| (3) Amounts Paid to Public Officials for: | |
| (a) Filing and Termination Fees | $ 18.00 |
| (b) ___ | $ 0.00 |
| (c) ___ | $ 0.00 |
| (d) ___ | $ 0.00 |
| (e) ___ | $ 0.00 |
| (f) Total Recording Fees | $ 18.00 |
| (4) Amounts Paid to Regional Finance | $ 1,755.43 |
| (5) Amounts Paid to Credit Acceptance | $ 8,870.09 |
| (6) Amounts Paid to ___ | $ 0.00 |
| (7) Amounts Paid to ___ | $ 0.00 |
| (8) Amounts Paid to ___ | $ 0.00 |
| (E) (Less) Prepaid Finance Charges | $ 500.00 |
| (F) Amount Financed (Sum of A through D minus E) | $ 19,184.01 |

**SIGNATURE LINES AND PROMISSORY NOTE TERMS AND CONDITIONS ON PAGE 2**

## PROMISSORY NOTE ("Note")

State Contract Rate 20.06 % per annum                    Contract Charge $ 6,667.99

**PROMISE TO PAY:** I promise to pay to your order (to pay to the order of the Lender) at your offices in Meridian Mississippi the sum of Nineteen Thousand One Hundred Eighty-Four and 01/100 ($ 19,184.01) DOLLARS, as agreed in the above Payment Schedule.

I (We) acknowledge receipt of a completed copy of this Combination Promissory Note, Truth in Lending Disclosure Statement, and Security Agreement ("Contract"), and agree to their terms and conditions (as continued below). I (We) authorize you to make disbursements as itemized above. **The obligations and related claims of the parties to this Combination Promissory Note, Truth in Lending Disclosure Statement, and Security Agreement, are subject to the Arbitration Agreement and jury waiver signed as part of this transaction.**

**CAUTION – IT IS IMPORTANT THAT I THOROUGHLY READ THE CONTRACT BEFORE I SIGN IT.**

WITNESS ______________________    BORROWER Onona L. Walker

WITNESS ______________________    CO-BORROWER ______________________

### Promissory Note Terms and Conditions Continued from Face Side

**Date of Loan:** The date the loan is made is the Loan Date on the prior page.

**Late Payment:** If I fail to pay any installment payment under this Note within 15 days after the date due, you may charge me a late payment fee of 4% of the delinquent amount or $5.00, whichever is greater.

**Closing Fee:** I agree to pay you a closing fee of 4% of the total of my payments or $25, whichever is greater, up to a maximum of $500. The closing fee is fully earned at the time this Note is signed and will not be refunded upon prepayment or acceleration of the Note.

**Deferral And Deferral Charges:** I may, with your consent, agree to defer all or part of one or more unpaid installments under this Note. If you and I agree to such a deferral, you will be entitled, and I will pay, a deferral fee to you. The deferral charge will be calculated by applying the Annual Percentage Rate set forth above to the amount deferred for the deferment period. In calculating the deferral fee, each month will be considered 1/12th of a year, regardless of the number of days in such month, and each day will be considered 1/30th of a month. You will earn the deferral fee pro rata during the deferment period and the fee will be fully earned on the last day of the deferment period. You may collect the deferral charge at the time of deferral or at any time thereafter. I will be entitled to a refund of any late charge assessed on a payment which we later agree to defer. We may only agree to make 2 deferrals during any 12-month period.

**Default and Acceleration:** You have the right, at your option, to insist on immediate payment in full (to accelerate the maturity) of this Note upon any one or more of the following events: (1) If I fail to make payments under this Note when due; (2) If I am in default under any security agreement securing this Note; (3) If I am in default under any other credit extension with you; (4) If I should die, or become insolvent, or apply for bankruptcy or other relief from creditors or (5) If you reasonably believe yourself to be insecure in the repayment of this Note.

**Attorney's Fees:** If you have to sue me, or refer this Note to an attorney for collection, I agree to pay your reasonable attorney's fees.

**NSF Charges:** In the event that I make any payment on this Note by check, draft, negotiable order of withdrawal, or like instrument and my payment is returned to you unpaid or is dishonored due to insufficient funds in my deposit account, I agree to pay you an NSF Charge of $15.00.

**Payments, if any, to Insurance Companies and/or Motor Club Company:** I understand and agree that you will receive a portion of any payment(s) to the Insurance Company(ies) or the Motor Club Company as identified above, as commission for selling such products. In addition, I understand and agree that you may receive additional amounts from these Insurance Company(ies) for assuming the risk of loss on the insurance policies.

**Fee for Optional One-Time Payments:** To the extent not prohibited by applicable law, if I choose to make a payment using a method for which a third-party vendor charges a separate fee ("Convenience Fee"), I agree to pay a Convenience Fee for each one-time payment made through that payment method in an amount disclosed to me before I submit the payment. I understand there are payment options that do not involve payment of a Convenience Fee and that my selection of a payment method that involves a Convenience Fee is optional. I understand that any fee incurred is a separate fee owed to, and retained by, the third-party vendor and not you. Any such fees are not part of the unpaid principal balance of this Note. For electronic payments, I agree that the third-party vendor may charge the Convenience Fee using the same payment method and in the same transaction as my one-time payment.

**Additional Interest:** If you accelerate payment under this Note for any reason and file suit against me, or if this Note remains unpaid after its Final Payment Date (indicated on the face side), I agree to pay additional interest on the unpaid principal balance of this Note at the Contract Rate (indicated on the face side) until this Contract is paid in full unless a lower rate is required by law.

**Cancellation of Insurance:** If I purchased credit life insurance, credit disability insurance, credit involuntary unemployment insurance, or any property insurance ("voluntary insurance products") with my loan, I understand that I may cancel those voluntary insurance products at any time. If the voluntary insurance product is canceled within the first thirty (30) days of my loan, I will receive a credit to my loan for the full amount of voluntary insurance product premiums and any finance charges associated with the canceled voluntary insurance product premiums. If I cancel the voluntary insurance products after the first thirty (30) days, I will receive a credit on my loan for the unearned portion of the voluntary product premiums and unearned portion of the finance charges associated with the canceled unearned voluntary insurance product premiums. Upon crediting the loan with such amounts, my monthly payment will be lowered for the remainder of the loan to reflect the credit to the loan amount, although, at my option, I may continue making my monthly payment in the amount set forth in this Note. All requirements for property insurance must be met prior to you processing the cancellation of property insurance. In the event that you determine that I am not eligible for a voluntary insurance product that I purchased, I understand you may cancel such product and that I will receive a credit to my loan as if I canceled the product within the first thirty (30) days of my loan, even if you determined such ineligibility after the first 30 days of my loan.

**Prepayment:** I may prepay this Note at any time. I understand that, if I prepay in full or you accelerate payment under this Note, I may be entitled to receive a rebate of the unearned portion of the Finance Charge. If my Note has a term to maturity of 61 months or less, my rebate will be calculated according to the Rule of 78's. If my Note has a term to maturity of more than 61 months, my Finance Charge rebate will be calculated by applying the actuarial method. If my Note includes voluntary insurance products, such products will be canceled if I prepay this Note in full and the rebate of any unearned premium(s) will be applied to the total outstanding balance at the time of cancellation in accordance with the terms of my voluntary insurance products. A rebate of less than $1.00 will not be made. I also understand that Prepaid Finance Charges (if any) will not be rebated upon prepayment or acceleration and are earned by you at the time this Note is signed, unless otherwise required by law. I understand that if I make a partial prepayment on this Note, I will not be entitled to a refund of any portion of the Finance Charge.

**Default:** If I default on this Note, you may, at your option: (i) bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Note); (iii) foreclose on any security agreement or other property which I have given as collateral for the Note; and/or (iv) take any other action authorized under any security agreement I have granted securing this Note or authorized by applicable law. I will pay you all costs you incur in collecting this Note, taking, repossessing, holding, preparing for sale and selling any collateral for the Note.

**Governing Law:** I agree that this Note and loan shall be governed and construed under the laws of the State of Mississippi. Specifically, this Note shall be subject to the Mississippi Small Loan Regulatory Law and any federal preemption if applicable.

**Broker Representations:** Borrower acknowledges that any broker involved in the transaction is not Lender's agent, and Lender is not bound by any of the broker's representations.

**Lender's Errors:** Lender does not intend to charge or collect any interest, charge, or fee that is more than the law allows. If Lender charges or collects any amount over what the law allows, at their election Lender will either refund the excess amount to me or apply the excess amount first to the Principal Balance due on my account as a partial payment without any prepayment charge. If I have paid my Account in full, Lender will refund any excess amount. If any part of this Agreement is fully determined to be unenforceable under any law, rule or regulation, all other parts of this Agreement still are valid and enforceable.

**Tax Deductions:** Lender has made no promises to me nor advised me in any way whether the Finance Charges and Fees are "interest" that I may deduct on my tax returns. I should consult a tax advisor about deducting Finance Charges and Fees on my tax returns.

**General Provisions:** I, as well as all other persons signing this Note as borrower, co-borrower or guarantor, waive demand for payment, protest and notice of protest and non-payment and all pleas of division and discussion, and agree that our liability under this Note shall be "joint and several" with each other. We further agree that discharge or release of any party or collateral securing this Note, extension of time for payment, or delay in enforcing any rights granted to you will not cause you to lose any rights under this Note. I additionally agree to provide you with a current financial statement or additional financial information, including a copy of my most recent federal income tax return, upon request.

**Severability Clause:** If any provision of this Note is deemed to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of the remaining provisions of this Note.

Jury Waiver: **NOTWITHSTANDING THE ARBITRATION AGREEMENT, TO THE MAXIMUM EXTENT PERMISSIBLE UNDER APPLICABLE LAW, YOU AND I WAIVE THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, ARISING FROM OR RELATING TO THIS LOAN. THIS PROVISION IS A MATERIAL INDUCEMENT FOR YOU TO MAKE THIS LOAN.**

**CLASS ACTION WAIVER.** To the extent permitted by law, I and Lender waive the right to (a) participate in a class action lawsuit in court, class mediation or class arbitration, either as a class representative or class member, (b) act as a private attorney general in court, mediation or arbitration, and/or (c) join or consolidate claims with claims of any other person or entity.

**Communications Consent:** By providing Lender and any of its affiliates, agents, service providers, successors or assigns (collectively for purposes of this paragraph, "you") the number of my land line(s), cell phone(s) or other wireless device(s) and my email address(es), now and in the future, I expressly consent and agree that you may call or text me, using an automatic telephone dialing system or otherwise, leave me a voice, prerecorded, or artificial voice message, or send me a text, e-mail, or other electronic message for any purpose related to the servicing or collection of my account or for other informational purposes related to my account(s) (each a "Communication"). I agree that you may call or text me at any telephone number I provide to you in connection with my account(s) now or in the future, including cellular telephone numbers, and may send an e-mail to any email address that I provide to you now or in the future. You will not charge me for a Communication, but my telephone service provider may. In addition, I understand and agree that you may always communicate with me in any manner permissible by law that does not require my prior consent. I agree that you may monitor and record any telephone calls to assure the quality of service, for training or for other purposes. I understand that if I do not want to receive calls from you, I may contact you at www.republicfinance.com or 7031 Commerce Circle, Baton Rouge, LA 70809. I have authority to provide this consent because I am the subscriber of the telephone number or I am a customary user who has authority to consent to these communications. My authorization overrides any internal privacy and solicitation preference I have previously expressed to Lender, but only for purposes associated with this transaction.

**NOTICE OF FURNISHING NEGATIVE INFORMATION: LENDER MAY REPORT INFORMATION ABOUT MY ACCOUNT TO CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON MY ACCOUNT MAY BE REFLECTED IN MY CREDIT REPORT.**

**CONTINUE TO SECURITY AGREEMENT ON PAGE 3**

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

## SECURITY AGREEMENT

**Secured Indebtedness:** For purposes of this Contract, the term "Indebtedness" means: (1) my indebtedness under the above Note (including principal, interest, late charges, NSF check charges, other fees, costs, expenses, and attorney's fees) and under all extensions, modifications, substitutions and renewals of my Note; (2) any additional funds that you may advance on my behalf as provided under this Contract; and (3) any other loans, promissory notes, indebtedness and obligations that I (or any of us) may now and in the future owe to you, whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, of every nature and kind whatsoever, and whether or not in any way related to my loan evidenced by the above Note. However, to the extent that my Indebtedness is secured under this Contract by my principal residence, the term "indebtedness" will not include the additional loans, notes, indebtedness and obligations mentioned in (3) above, unless you comply with any subsequent disclosure requirements of Federal Reserve Board and Regulation Z.

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or any of our) present and future indebtedness as defined above, I am granting you a continuing security interest on my property described on the face side of this Contract (the "Property") and/or Schedule A and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term "Property" also includes all improvements, additions, repair and replacement parts to the Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Contract does not grant to you a non-purchase money security interest in any household goods as defined at 16 C.F.R. 444.

**Covenants:** I agree that the Property will secure the indebtedness until the full and final payment of the Indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Contract, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I additionally agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the indebtedness remains unpaid and unsatisfied. This insurance is to be in the amount and of the types required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I may have under any such insurance policy covering the Property and to endorse any draft or check which is the proceeds of such insurance. I agree not to use the Property for any illegal purpose.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Contract, then you shall have the right (at your sole option and without any responsibility or liability to do so) to purchase insurance coverage of such type and amount as you deem acceptable, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole discretion to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the State Contract Rate provided in my Note from the date of each such advance until I repay you in full. All such additional sums shall be secured under this Contract. Any insurance purchased may, at your option, be in the form of single interest insurance, which shall cover your interest only up to the payoff of all sums due under the Contract, or dual interest insurance which shall cover the actual cash value of the property and any other coverages which you may elect to purchase for my benefit. If a loss is payable under any insurance that is charged to me, I understand that the amounts paid by insurance will be applied to restore the damaged Property or reduce any unpaid balance that remains due under the Contract. I authorize you to release to third parties any information necessary to facilitate insurance and tax monitoring and insurance placement.

**Location of Property:** Unless otherwise indicated, the Property will be kept at my address indicated on the face side of this Contract. I agree not to remove the Property from the State of Mississippi for a period in excess of sixty (60) consecutive days without first obtaining your prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the indebtedness or any of my obligations under this Contract, I agree that you shall have the right at your option: (i) to bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance of the Indebtedness (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Contract); (iii) take or repossess the Property; and/or (iv) exercise any other remedies available under applicable law. I will pay you all costs you incur in collecting this Contract, taking, repossessing, holding, preparing for sale and selling the Property. I agree that you may take possession of the Property in any manner then permitted under the laws of the state in which the Property is then located. Should you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property at public auction or private sale as authorized by Mississippi law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located. If you are required by law to give me notice of the public or private sale of the Property, I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least (21) days (or such less period of time as may be permitted by applicable law) before the time of the sale or disposition. I agree to pay your out-of-pocket collection costs and expenses incurred in collecting the indebtedness and in enforcing your security interest. I further agree to pay any additional collection costs and expenses authorized under the Mississippi Uniform Commercial Code. All such out-of-pocket collection costs and expenses shall become part of the Indebtedness secured by this Contract and shall be payable on demand, with interest at the State Contract Rate provided in my Note from the date of each such expenditure until repaid. Any remaining proceeds from the sale of the Property after payment of the indebtedness will be paid to me. If there is a deficiency, I will pay it.

**Miscellaneous:** I authorize you to file a UCC-1 financing statement or, alternatively, a copy of this Contract to perfect your security interest. I agree, at your request, to sign all other documents that are necessary to perfect, protect and continue your security interest in my Property. I agree to reimburse you for any costs of filing amendments to or continuations of my financing statement and authorize you to add such amounts to the then unpaid balance of my Note secured under this Contract. I further agree that any failure on your part to exercise any right or option that you may have under this Contract or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the Property will not release me from my obligations under this Contract. Paragraph headings are for convenient reference and are not to be construed as a complete summary of each paragraph.

SIGNATURE LINES ON PAGE 2

In this Contract (including the above Promissory Note, Truth in Lending Disclosure Statement, and Security Agreement) the words "I," "me," "my," "we," "us" and "our" individually, collectively and interchangeably mean each person signing this Contract as borrower, co-borrower or guarantor. The words "you," "your" and "yours" mean the Lender named on the face side of this Contract and its transfers and assigns. This Contract and any arbitration agreement constitute the entire agreement between the parties and no modification or amendment of this Contract shall be effective unless in writing. All provisions of this Contract which are prohibited by applicable law shall be ineffective to the extent of such prohibition without invalidating any other provisions of this Contract.

### Guaranty

I (We) jointly, severally and solidarily unconditionally guarantee payment of the above Note and all renewals, substitutions and extensions thereof and agree to all of the Note's terms and conditions. **The obligations and related claims of the parties to this Combination Promissory Note, Truth in Lending Disclosure Statement, and Security Agreement, are subject to the Arbitration Agreement signed as part of this transaction.**

______________________________ Guarantor

______________________________ Guarantor

☐ (Not applicable unless checked) **NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**All motorists are required by law to be covered by an automobile liability policy with legally prescribed liability limits, which is not included in the insurance listed above. Failure to obtain liability insurance in legally prescribed amounts may result in penalties, including suspension or revocation of driving privileges.**

### Notice/Acknowledgment Regarding Property Insurance:

1. **I/we have granted you a security interest in the Property as collateral for my indebtedness to you.**
2. **I/we are required to maintain insurance on the Property given as collateral for our obligation to you.**
3. **If I/we fail to maintain the required insurance, I/we have authorized you to secure the required insurance at my/our expense.**

**These requirements and authorizations are set forth in the Contract.**

**This loan is pledged to Wells Fargo Bank, N.A. (together with its successors and assigns), as agent for various financial institutions.**

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

# CERTIFICATE OF TITLE

Form # 79-001

## STATE OF MISSISSIPPI

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| JN8AS5MT9FW656403 | NISS | 2015 | ROGUE SELE | UV | MS1780208384 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 02/18/2025 | | 4 | USED | PC | 95286 ACTUAL |

**OWNER(S)**

WALKER, ORIONA
2432 41ST AVE
MERIDIAN MS 39307-5219

**BRANDS**

**BENEFICIARY**

☐ Fully Autonomous Vehicle

**1ST LIENHOLDER**

REPUBLIC FINANCE LLC
PO BOX 1785
MERIDIAN MS 39302-1785

**DATE:** 01/14/2025

**2ND LIENHOLDER**

**DATE:**

**MAIL TO:**

T6

REPUBLIC FINANCE LLC
3710B HIGHWAY 39 N
MERIDIAN MS 39301-1309

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF

1ST LIEN ______________________ (LIENHOLDER) BY ______________________ (SIGNATURE AND TITLE)

THIS ____________ DAY OF ____________ 20____

2ND LIEN ______________________ (LIENHOLDER) BY ______________________ (SIGNATURE AND TITLE)

THIS ____________ DAY OF ____________ 20____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 18TH DAY OF FEBRUARY 20 25

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER

O 06095857

MISSISSIPPI DEPARTMENT OF REVENUE

VOID IF ALTERED

## SCHEDULE A - SECURITY EVALUATION

I, THE BORROWER CERTIFY AND WARRANT THAT THE BELOW LIST OF SECURITY ON LOAN DATED 1/14/2025 IS COMPLETE, ACCURATE, AND THAT THERE ARE NO MORTGAGES OR LIENS AGAINST THE SECURITY EXCEPT AS MAY BE REPORTED ON MY CREDIT APPLICATION.

I hereby acknowledge having read a complete copy of this Schedule A - Security Evaluation, that I provided the Fair Market Value of each item listed below to the best of my knowledge, and that the Fair Market Values below are intended to be used for credit underwriting and insurance purpose.

As witnessed by:

Employee Signature

Sworn and subscribed to by:

Oriona L. Walker

Date 1/14/25

Motor Vehicle Collateral:

| | | | | | |
|---|---|---|---|---|---|
| 2010 | Chevy | Cobalt | Pc | 1G1AD5F56A7169272 | $1,410.00 |
| 2015 | Nissan | Rogue | Suv | JN8AS5MT9FW656403 | $9,450.00 |

Personal Property Collateral:

| | |
|---|---|
| Professional Wall Painting | $500.00 |
| Mini Atari | $60.00 |
| Atari | $150.00 |
| 2nd Sega Genesis | $50.00 |
| Sega Genesis | $50.00 |
| 2nd Printer | $100.00 |
| Hp Printer | $100.00 |
| Hp All In One Computer | $600.00 |
| Garden Equipment | $50.00 |
| Tool Box | $20.00 |
| Asst Hand Tools | $200.00 |
| Basketball Card Collection | $300.00 |
| Football Card Collection | $300.00 |
| Large Baseball Card Collection | $600.00 |
| Weedeater | $100.00 |
| Push Mower | $100.00 |
| 2nd Stereo | $50.00 |
| 1st Stereo | $50.00 |
| Bluetooth Samsung Headphones | $100.00 |
| 100 Bluray/dvd Discs | $300.00 |
| Bluray Player | $50.00 |
| Electric Leaf Blower | $50.00 |
| Reciprocating Saw | |

[redacted]

230071086

File Number: 20234069196A
Date Filed: 3/6/2023 9:29:21 AM
Michael Watson
Secretary of State

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Gwendolyn Pierce (601) 693-7736

B. EMAIL CONTACT AT FILER (optional)
meridian@republicfinance.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Republic Finance, LLC
P. O. Box 15429
Baton Rouge, LA 70895

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor Name (1a or 1b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME: Walker | FIRST PERSONAL NAME: Oriona | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX | |
| 1c. MAILING ADDRESS: 2432 41ST AVE | CITY: MERIDIAN | STATE: MS | POSTAL CODE: 39307 | COUNTRY: USA | |

2. DEBTOR'S NAME: Provide only one Debtor Name (2a or 2b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME: Republic Finance | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS: 3710B HIGHWAY 39 N | CITY: MERIDIAN | STATE: MS | POSTAL CODE: 39301 | COUNTRY: USA |

4. COLLATERAL: This financing statement covers the following collateral:

1 Of 2 50" Tv, , ;Play Station 2, , ;Play Station 3, , ;Play Station 4, , ;Nintendo, , ;Super Nintendo, , ;Game Cube, , ;Nintendo Wii, , ;Xbox 360, , ;1st Mini Super Nintendo, , ;2nd Mini Super Nintendo, , ;30 Video Games, , ;Charcoal Grill, , ;Free Weights, , ;Reciprocating Saw, , ;Electric Leaf Blower, , ;Bluray Player, , ;100 Bluray/dvd Discs, , ;Bluetooth Samsung Headphones, , ;1st Stereo, , ;2nd Stereo, , ;Push Mower, , ;Weedeater, , ;Large Baseball Card Collection, , ;Football Card Collection, , ;Basketball Card Collection, , ;Asst Hand Tools, , ;Tool Box, , ;Garden Equipment, , ;Hp All In One Computer, , ;Hp Printer, , ;2nd Printer, , ;Sega Genesis, , ;2nd Sega Genesis, , ;Atari, , ;Second Grill, , ;Mini Atari, , ;Professional Wall Painting, , ;

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: